IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERNEST LEE GATLING,
    Plaintiff,

vs.                                                      Case No. 3:10cv172/MCR/MD

WALTER A. MCNEIL,
    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action, has filed a motion for summary judgment. (Doc. 24). For the reasons that follow, the motion should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). He commenced this action on May 21, 2010 by filing a civil rights complaint under 42 U.S.C. § 1983. His complaint names one defendant – Walter A. McNeil, Secretary of the Florida Department of Corrections. Plaintiff claims various prison officials at Santa Rosa CI have used excessive force on him and harassed him, in violation of his constitutional rights. As relief, he seeks $2,000 in damages and transfer to a different institution. (Doc. 1).

Secretary McNeil has not been served with plaintiff's complaint because, as explained in this court's May 24, 2010 order (doc. 4), preliminary screening of the complaint under 28 U.S.C. § 1915 reveals that plaintiff's claims against Secretary McNeil are subject to dismissal for failure to state a claim on which relief can be

granted. The reason the undersigned did not recommend dismissal of this case at that time is because it was not clear that plaintiff would be unable to allege sufficient facts against the proper defendants if given the opportunity to amend his complaint. The court therefore provided plaintiff an opportunity to amend his complaint, and has recently extended the amended pleading deadline to August 11, 2010. (Doc. 23). Instead of submitting an amended complaint, plaintiff has filed this motion for summary judgment. Plaintiff seeks "interlocutory summary judgment" citing Fed. R. Civ. P. 56(d)(2), and asserting that that provision, "in accordance with already submitted multiple grievances and Statement of Facts put forth of 1983 claim in that also of the $200,000.00 claim I declare." (Doc. 24). Plaintiff has not served a copy of his motion on Secretary McNeil.

## DISCUSSION

Summary judgment will be granted in favor of the moving party "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In the instant case, even assuming to plaintiff's benefit that there is no genuine issue as to any material fact, plaintiff is not entitled to judgment against Secretary McNeil. As explained in this court's May 24, 2010 order (doc. 4), although plaintiff names Secretary McNeil as the sole defendant in this action, the Secretary is mentioned nowhere in the body of plaintiff's complaint. To the extent plaintiff seeks to hold Secretary McNeil liable on the basis of supervisory liability, the allegations of (and attachments to) his complaint[1] fail to state a plausible claim under that legal theory. "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v.*

---

[1]This is the only summary judgment material on file at this time.

*Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The Eleventh Circuit in *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008) set forth the limited circumstances in which a causal connection between the actions of a supervising official and the alleged constitutional deprivation can be shown sufficient to render him liable on a § 1983 claim. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. *Id*. at 1322 (citing *West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007)). Plaintiff's complaint does not arguably suggest, much less establish, that Secretary McNeil personally participated in the alleged constitutional deprivations, or that there is a causal connection between any action of Secretary McNeil and the alleged constitutional deprivations.

To the extent plaintiff seeks to hold Secretary McNeil liable because he supervised or employed the offending correctional officers, his claim must fail as a matter of law because *respondeat superior*, without more, does not provide a basis for recovery under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.") (internal quotation marks and citation omitted); *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003). "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 2037 (1979).

**Accordingly, it is respectfully RECOMMENDED:**

**That plaintiff's motion for summary judgment (doc. 24) be DENIED.**

**At Pensacola, Florida this 22nd day of July, 2010.**

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**