IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERNEST LEE GATLING,
    Plaintiff,

vs.                                              Case No. 3:10cv172/MCR/CJK

WALTER A. MCNEIL,
 Secretary, Florida Department of Corrections,
    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 27). Upon review of the amended complaint, the court concludes that plaintiff is barred under 42 U.S.C. § 1997e(e) from recovering the relief he seeks. Therefore, dismissal of this case is warranted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was an inmate of the Florida penal system confined at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time he initiated this action. (Doc. 1). He has since been released. (Doc. 26). His amended complaint names three defendants: the Secretary of the Florida Department of Corrections, whom plaintiff identifies as "Mr. and Mrs. E. Stine;" as well as two correctional officers at Santa Rosa CI – Captain Schwarz and Officer Kilgore. Plaintiff complains that from 2007

until his release from custody in July of 2010, various correctional officers retaliated against him for filing grievances. The alleged retaliatory acts consisted of verbally taunting plaintiff with "insinuations" of food tampering, placing plaintiff on "the loaf" for one-week periods, and tampering with plaintiff's mail. (Doc. 27, pp. 5-10). Plaintiff does not allege that the Secretary of the DOC knew of, or personally participated in any of the conduct. He asserts defendants Schwarz and Kilgore each participated in one retaliatory act – Schwarz threatened to put plaintiff on the loaf if plaintiff filed grievances complaining of food tampering, and Kilgore tampered with plaintiff's mail. (*Id.*, pp. 7, 9-10 in ECF). Claiming violation of his Eighth Amendment rights and DOC regulations, plaintiff seeks "the amount of $200,000.00 in damages "for sighted [sic] violations." (*Id.*, p. 11 in ECF).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*,

29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (same; explaining, for example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Taking the allegations of the amended complaint as true and construing them in the light most favorable to plaintiff, they show that plaintiff's claims are barred by 42 U.S.C. § 1997e(e). The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Addressing the implications of § 1997e(e), the Eleventh Circuit has concluded: "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is undisputed that plaintiff

filed his original complaint while imprisoned, and that the harm complained of occurred while he was in custody. Plaintiff's damages claims are based on the emotional distress he suffered as a result of the defendants' alleged retaliatory conduct, and/or the fact of the alleged constitutional violations themselves (divorced from any mental or emotional injury they caused). The complaint alleges no physical injury resulting from the defendants' conduct. Therefore, plaintiff is prohibited under the PLRA from bringing his damages claims. *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury); *Williams v. Brown*, No. 08-16230, 347 Fed. Appx. 429, 436 (11th Cir. 2009) (unpublished opinion) (holding that prisoner could not recover compensatory or punitive damages with respect to his constitutional retaliation claim, because he failed to alleged the requisite physical injury). Section § 1997e(e) applies with full force and effect to plaintiff, notwithstanding the fact that he has since been released. *Harris II*, 216 F.3d at 981, 985 (holding that inmates' release from prison after original complaint was filed was irrelevant to application of § 1997e(e), because "[t]he status that counts, and the only status that counts, for purposes of section 1997e(e) is whether the plaintiff was a 'prisoner confined in a jail, prison, or other

correctional facility' at the time the federal civil action was 'brought,' i.e., when it was filed").

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 6th day of June, 2011.

*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).